

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DANNY FULKS | CIVIL ACTION |
| VERSUS | NO. 04-3019 |
| MANSON GULF, L.L.C. ET AL. | SECTION "J" (2) |

### ORDER ON MOTION

APPEARANCES:   None (on the briefs)

MOTION:   Defendant's Motion to Compel Psychological Pain Evaluation of Plaintiff, Record Doc. No. 56

O R D E R E D:

XXX : GRANTED, subject to the conditions contained herein. This motion is governed by Fed. R. Civ. P. 35(a), which provides in pertinent part: "When the mental or physical condition of a party, . . . is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner. . . . The order may be made only on motion for good cause shown . . . ."

All essential requirements of Rule 35(a) are satisfied in this instance, and the motion seeking an order requiring plaintiff to appear for a psychological pain evaluation by Dr. Kevin W. Greve is hereby granted. Pain can be either or both a mental and/or a physical condition. Plaintiff's complaints of pain and their cause are clearly at issue and in controversy. Plaintiff previously consented to a Rule 35 examination by Dr. Greve,

```
___ Fee_____
___ Process_____
_X_ Dktd_____
_✓_ CtRmDep_____
___ Doc. No _____
```

but terminated the exam. The foregoing factors, coupled with the serious dispute concerning the cause and credibility of plaintiff's complaints of pain evident in the differing opinions of the physicians who have already examined plaintiff, establishes good cause for the requested examination under Rule 35. Dr. Greve is a suitably licensed examiner in this field. Contrary to plaintiff's argument, there is no requirement that Dr. Greve provide plaintiff or his counsel with the specific test protocols he will administer prior to the examination.

Accordingly, **IT IS ORDERED** that plaintiff must appear on **December 5, 2005, at 9:00 a.m.** to complete the previously commenced Rule 35 psychological pain evaluation by Dr. Kevin W. Greve, at Dr. Greve's office at 3939 Houma Blvd., Suite 223, Doctor's Row, Bldg. 6, Metairie, Louisiana 70002, subject to the following conditions: The interview part of the examination is completed. Only the testing portion remains. All such testing must be completed by 5:30 p.m. on the date of the examination, including permitting plaintiff a one-hour lunch break from noon to 1 p.m. and a 30-minute afternoon break from 3:30 p.m. to 4 p.m. Dr. Greve may administer only standard psychological pain examination tests, which tests must not include any physically invasive test, removal or penetration of tissue, physical exertion or exposure to radiation or chemicals.

New Orleans, Louisiana, this 28th day of November, 2005.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

2